**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| In the Matter of<br>the Personal Restraint Petition of<br><br>DARRELL P. BERRIAN. | No.  48069-7-II<br>Consolidated with No. 49119-2-II and No.<br>49139-7-II<br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, P.J.  — Darrell Berrian seeks relief from personal restraint imposed following his 2014 conviction for first degree assault with a deadly weapon and his deadly weapon sentencing enhancement.  In his first petition, No. 48069-7-II, he argues that (1) the deadly weapon sentencing enhancement was improperly imposed because the knife he employed had a blade less than three inches in length and so did not meet the definition of a deadly weapon, and (2) his offender score was improperly calculated because he committed his first Georgia prior conviction when he was a juvenile and so that conviction should have counted as ½ point toward his offender score, not 1 point.  In his second petition, No. 49119-2-II, he argues that (1) the photomontage used to identify him was impermissibly suggestive, (2) his first Georgia prior conviction should have washed out of his offender score, and (3) he received ineffective assistance of counsel for not arguing that the prior conviction should have washed out.  And in his third petition, No. 49139-7-

II, he again argues that his first Georgia prior conviction should have washed out of his offender score.[1]

RCW 10.73.090(1) requires that personal restraint petitions be filed within one year of the petitioner's judgment and sentence becoming final, with exceptions not applicable here. Berrian's judgment and sentence became final on June 7, 2016, when we issued the mandate from his direct appeal. RCW 10.73.090(3)(b). He filed his petitions on September 28, 2015 and July 11, 2016, making each timely filed.

After filing his petitions, Berrian moved to dismiss his deadly weapon and photomontage arguments. We grant his motion. We also grant his motion to dismiss his earlier motion to supplement cause number 48069-7-II.

As to Berrian's offender score arguments, the State concedes that the trial court erred in counting his first Georgia prior conviction as 1 point instead of as ½ point, that his offender score of 4½ should have been rounded down to 4 under RCW 9.94A.525, and that Berrian is entitled to be resentenced under the correct offender score and standard sentence range. Because the State concedes that Berrian's offender score should have been 4, not 5, we need not address whether his first Georgia conviction should have washed out of his offender score or whether he was denied effective assistance of counsel.

---

[1] Berrian filed a motion to modify his judgment and sentence in the trial court. That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition.

We accept the State's concession and remand to the trial court for resentencing. In all other regards, we dismiss Berrian's petitions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

MELNICK, J.

SUTTON, J.